IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

OMAR FISHER : CRIMINAL

v. :

THE UNITED STATES OF AMERICA : NO. 05-cr-401-1

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of prisoners in federal custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from federal custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the **_only_** possible means of obtaining this type of relief from federal custody.[2] .

In cases involving prisoners in federal custody, AEDPA provides for exclusive relief by means of 28 U.S.C. §2255[3] for a petitioner who is in federal custody who makes a constitutional attack on the imposition (and not the execution) of a federal conviction and/or

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks on federal or state custody based on alleged violations of the U.S. Constitution, but also to attacks on such custody based on any asserted federal collateral grounds, such as: attacks based on alleged violations of federal statutes; or, attacks based on alleged violations of treaties involving the United States; or, attacks based on an alleged lack of jurisdiction by the sentencing court; or, in federal custody cases, attacks based on allegations that the sentence imposed exceeds the legal maximum.

[2] Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002).

[3] Cradle v. United States ex rel Miner, 290 F.3d 536 (3rd Cir. 2002).

1

a federal sentence, such attack being made after the imposition of the federal sentence.[4]

On August 20, 2007, petitioner filed a petition in this court (Document #67 in 05-cr-401-1) seeking his release from federal custodial status based on the following claims:

1. that this court allegedly lacked jurisdiction to accept the indictment and plea;

2. that his counsel was allegedly ineffective; and,

3. that the statutes used to convict him in this court were allegedly not adopted in a constitutional manner.

These are clearly claims that petitioner's rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution have been violated by this federal court, for which relief is provided to prisoners by AEDPA.

On April 18, 2008, petitioner filed another petition in this court (Document #68 in 05-cr-401-1) seeking his release from federal custodial status based on the claim that the indictment lodged against him in 05-cr-401-1 was allegedly unconstitutional due to an alleged lack of federal subject matter jurisdiction over the crimes petitioner allegedly committed.  This is clearly a claim that petitioner's rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution have been violated by this federal court, for which relief is provided to prisoners by AEDPA.

We note, however, that petitioner bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 60(b)(4). For the following reasons, this attempt to invoke Federal Rules of Procedure to obtain

---

[4]Where there is an attack on a federal conviction which does not involve a Constitutional argument, there is no right to habeas corpus relief, and the proper remedy lies in a request for a new trial pursuant to Federal Rule of Criminal Procedure 33. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003). Where there is an attack on a federal sentence which does not involve a Constitutional argument, there is not right to habeas corpus relief, and the proper remedy lies in a request for a new sentence pursuant to Federal Rule of Criminal Procedure 35. USA v. Canino, 212 F.3d 383 (7th Cir. 2000).

release from custody with an argument based upon the United States Constitution must fail, as any attempt to challenge the merits of an underlying decision with claims based on the United States Constitution may only be pursued by a prisoner by means of a habeas corpus motion filed pursuant to AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

The express language of AEDPA itself is strong evidence of Congressional intent that AEDPA, and **_only_** AEDPA, is available for relief from incarceration for prisoners who make an argument for release from custody based on the United States Constitution, and that "Rule 60(b) applies ... only to the extent that it is not inconsistent with (AEDPA)." Gonzalez v. Crosby, 545 U.S. 524 (2005). Accord, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000).

The Supreme Court of the United States has held that federal statutes, such as AEDPA, take precedence over any rule of court, and that where a prisoner files a purported Rule 60(b) motion which makes an argument based upon the United States Constitution, that that purported Rule 60(b) petition is to be treated as "similar enough" (in the Supreme Court's own words) to an AEDPA claim that failure to apply the second or successive rule of AEDPA would be inconsistent with AEDPA. Gonzalez v. Crosby, 545 U.S. 524 (2005). See, also, Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000). The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's gatekeeping provisions, such as its strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000). As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage

of justice." United States v. Baptiste, 223 F.3d 188 at 190. Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).

In the context of prisoners, the only way that a Rule 60(b) motion would not be treated as a de facto AEDPA petition is if the Rule 60(b) Motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution. Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004). In this court's view, the instant case is not on point with the narrow exception to the general rules of AEDPA carved out by the U.S. Supreme Court in Gonzalez and by the United States Court of Appeals for the Third Circuit in Pridgen.

However, even though, for the previously stated reasons, petitioner's claims are not cognizable upon the basis of Rule 60(b), but may perhaps, possibly, be cognizable under 28 U.S.C. §2255, this court is powerless, pursuant to USA v. Miller, 197 F.3d 644 (3d Cir. 1999), to re-characterize any document or petition that is not captioned as a §2255 habeas corpus petition as a §2255 habeas corpus petition without first gaining the petitioner's consent.

Accordingly, this 9th day of May, 2008, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2255.

2. Petitioner shall notify this court within thirty (30) days whether he consents to the re-characterization of Document #67 and Document #68 in 05-cr-401-1 as 28 U.S.C. §2255 petitions, and, if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2255 form and return it to this court.

3. Petitioner is formally placed on notice that if he insists that Document #67 and Document #68 in 05-cr-401-1 proceed as petitions pursuant to Rule 12(b)(1) and/or Rule 60(b), that a 28 U.S.C. §2241 petition, that Document #67 and Document #68 in 05-cr-401-1 shall be **DENIED** at that time for seeking relief that is only available pursuant to 28 U.S.C. §2255, and not pursuant to any rule of court procedure.

4. Petitioner is formally placed on notice that if he does not respond to this

Order within thirty (30) days, that Document #67 and Document #68 in 05-cr-401-1 shall be **DENIED** at that time for seeking relief that is only available pursuant to 28 U.S.C. §2255, and not pursuant to any rule of court procedure.

                             _____
                             **LEGROME D. DAVIS, U.S. District Judge**

ENTERED

MAY 1 2 2008

CLERK OF COURT